# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: A.U.**

**No. 13-0916** (Raleigh County 13-JA-23)

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Sidney H. Bell. Her appeal arises from the Circuit Court of Raleigh County, which terminated her parental rights to the subject child by order entered on August 8, 2013. The guardian ad litem for the child, Wilbert A. Payne, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney William P. Jones, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2013, the DHHR and the child's biological father jointly filed the abuse and neglect petition that initiated the instant case. The petition alleged that the child disclosed to petitioner that petitioner's boyfriend and other men had sexually abused her. However, petitioner did not report these disclosures or do anything to protect the child from further abuse. For instance, after one incident in which petitioner witnessed her boyfriend using a buzzing toy on the child's bottom, petitioner yelled for him to "get out of here" but continued to reside with him afterward.

Petitioner waived her rights to a preliminary hearing and, thereafter, submitted to a psychological evaluation. During the evaluation, petitioner said that she did not believe her child had been sexually abused and that a family friend may have "put [the child] up to" making these reports against petitioner's boyfriend. The psychologist concluded that petitioner continued to deny any child maltreatment. In April of 2013, petitioner stipulated that she believed that her child had been abused and that she failed to take any action to protect her child from further abuse. Petitioner moved for a post-adjudicatory improvement period, which the circuit court denied. The circuit court entered its termination order in August of 2013 and granted petitioner post-termination visitation. From this order, petitioner now appeals.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises four assignments of error. First, she argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. She asserts that she should have received such an improvement period because she was not a direct participant in the alleged abuse, she cooperated with law enforcement and Child Protective Services, and she had not received a pre-adjudicatory improvement period. Second, petitioner argues that the circuit court erred in terminating her parental rights when termination was not necessary to protect and promote the child's best interests because the child is now in the care and custody of her non-offending biological father. Third, petitioner argues that the circuit court erred by failing to make detailed findings of fact and conclusions of law to support its decisions to deny petitioner an improvement period and to terminate parental rights. Lastly, petitioner argues that the circuit court erred by giving too much weight to the report of the psychologist, who was retained by the DHHR.

Upon our review of the record, we find no error by the circuit court. The circuit court's order contained adequate findings of fact to support its decision to deny petitioner's motion for a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12, a parent who wishes to participate in an improvement period must file a written motion and demonstrate by clear and convincing evidence that he or she will substantially comply with the terms of an improvement period. Under the language of West Virginia Code § 49-6-12, an improvement period is not mandatory, but is left to the discretion of the circuit court. The record indicates that the circuit court did not err in finding that petitioner did not meet her burden in proving that she would substantially comply with an improvement period. The circuit court's order that denied this motion included findings that petitioner stipulated that she did not remove the abuser from her home or report any of the sexual abuse after the child disclosed the incidents to petitioner.

We also find no error by the circuit court in its disposition of petitioner's case. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(a)(7)(A),

the DHHR is not required to make reasonable efforts to preserve the family if the court finds that "[t]he parent has subjected the child, another child of the parent, or any other child residing in the same household or under the temporary or permanent custody of the parent to aggravated circumstances which include, but are not limited to, abandonment, torture, chronic abuse and sexual abuse."

Although the circuit court's termination order provided minimal findings and conclusions, we find no clear error to warrant reversal as our review of the record supports termination. The petition that initiated this case provided several specific instances of sexual abuse against the child of which petitioner had knowledge, yet did nothing to protect her child. Petitioner asserts that the circuit court did not give proper weight to her bond and relationship with the child but, rather, gave undue weight to the psychologist's testimony and report. "'[I]n the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses[.]' Syl. pt. 1, in part, *In re Travis W.,* 206 W.Va. 478, 525 S.E.2d 669." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000). The extensive psychological evaluation provides that petitioner continued to deny any knowledge of the child's sexual abuse, which directly contradicted her stipulations at the adjudicatory hearing. The evaluation also provides that petitioner placed blame on others for the child's reports of sexual abuse.

Upon our review, we find that there was sufficient evidence that could have supported findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum